Sedgwick, J.
The first objection to the order made is that the action is of a kind not within the intention 1421st section, Code Civ. Pro. . It is argued that the code refers to actions' for conversion simpliciter when the sheriff has taken under process property which he is not justified in taking, but that the present action is for a willful and malicious trespass by the sheriff, made with the intention of breaking up the business of plaintiff. In my opinion the complaint claims conversion only, and that under it damages for conversion only can be recovered. The so-called malice and intent to break up the business, as alleged in the complaint, do not alter the act of conversion or give greater damages than those that follow a conversion, for the only thing averred to have been actually done by the defendants was taking and converting and retaining goods.
The complaint charges that “the defendants wrongfully and unlawfully, and with malice and with intent to injure the plaintiff and destroy her said business for the profit and advantage of the defendants; they, the said defendants, *810 unlawfully took and carried away and converted to their own use, and still retain from her, the goods and chattels, etc.
It is not meant to deny or affirm that there may be a malicious trespass connected with a conversion which will give a right to exemplary damages, or which will have as a proximate result other damages than is measured by the value of the property taken. Such a case is not described in the complaint. A bare conversion is charged, and its consequences are not enlarged by an allegation of motive and intent.
The next objection is that the application did not show that the indemnitors were liable for all that the sheriff seized under the execution. The affidavit said on this subject that “under said execution the defendant sheriff levied on the property, or part thereof, referred to in the complaint.” It is supposed that this may become a case of the indemnitors being responsible for part and the sheriff responsible for the rest.
Taking all the affidavits and papers, they show that the indemnitors were responsible for all that the sheriff took, but the extract from the affidavits reserves the question of fact of what the sheriff did actually take.
The order as made required the plaintiff to serve upon the indemnitors’ attorneys a copy of the complaint. It is supposed that as those attorneys had already appeared for the defendants other than the sheriff, it was not necessary under section 479 of the code to make a further service upon the indemnitors becoming defendants. It may be doubted whether section 479 is to be applied to this case. If it be applicable the appellants have not been injured by a direction that tended to certainty and regularity and the progress of the action.
The order should be affirmed, with ten dollars costs.